IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01638-BNB

JOHN THOMAS SEXTON, JR.,

    Plaintiff,

v.

DENVER POLICE CHIEF ROBERT WHITE,
DISTRICT 6 COMMANDER TONY LOPEZ, Denver Police,
SERGEANT PETRIE, Denver Sheriff's Office,
SERGEANT WALTERS, Denver Sheriff's Office,
SERGEANT ST. GERMAIN, Denver Sheriff's Office,
DENVER CITY ATTORNEY DOUGLAS J. FRIEDNASH,
DENVER DISTRICT ATTORNEY MITCHELL R. MORISSEY,
PAMELA ZUBAL, and
NEVENE ISKANDER, Denver City Attorney's Office,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, John Thomas Sexton, Jr., is an inmate at the Denver County Jail in Denver, Colorado. Mr. Sexton has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. The court must construe the Prisoner Complaint liberally because Mr. Sexton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sexton will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that it does not comply

with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Sexton asserts nine claims for relief in the Prisoner Complaint.  He specifically alleges in some of his claims that his constitutional rights to due process and equal protection have been violated.  The remaining claims appear to be state law claims that do not raise any federal issues.  With respect to the asserted constitutional violations, Mr. Sexton fails to provide a short and plain statement of his claims showing he is entitled to relief because he makes only vague and conclusory allegations that his constitutional rights have been violated without providing specific facts in support of the claims.  For example, to the extent he is asserting due process claims, Mr. Sexton fails

to allege clearly what Defendants did that allegedly deprived him of a constitutionally protected interest in life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Similarly, to the extent he is asserting equal protection claims, he fails to allege what Defendants did to treat him differently than anyone who is similarly situated. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

For these reasons, Mr. Sexton must file an amended complaint if he wishes to pursue his claims in this action. Mr. Sexton is advised that he must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Sexton file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order. It is

FURTHER ORDERED that Mr. Sexton shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Sexton fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED June 27, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge