IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01638-BNB

JOHN THOMAS SEXTON, JR.,

      Plaintiff,

v.

DENVER POLICE CHIEF ROBERT WHITE,
DISTRICT 6 COMMANDER TONY LOPEZ, Denver Police,
SERGEANT PETRIE, Denver Sheriff's Office,
SERGEANT WALTERS, Denver Sheriff's Office,
SERGEANT ST. GERMAIN, Denver Sheriff's Office,
DENVER CITY ATTORNEY DOUGLAS J. FRIEDNASH,
DENVER DISTRICT ATTORNEY MITCHELL R. MORRISSEY,
PAMELA ZUBAL,
NEVENE ISKANDER, Denver City Attorney's Office, and
SERGEANT AKINYEMI, Denver Sheriff's Office,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, John Thomas Sexton, Jr., is an inmate at the Denver County Jail in Denver, Colorado.  Mr. Sexton initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his constitutional rights to due process and equal protection have been violated.  Mr. Sexton also asserted a number of state law claims.  On June 27, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Sexton to file an amended complaint that clarifies the claims he is asserting in this action.  On July 18, 2013, Mr. Sexton filed an amended Prisoner Complaint (ECF No. 10) in which he again asserts constitutional due process and equal protection claims along with a number of state law claims.  As relief he seeks damages

and amendments to the Colorado Revised Statutes and the Denver Municipal Code.

Mr. Sexton has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Mr. Sexton's claims are frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss Mr. Sexton's constitutional claims as legally frivolous.

The Court must construe the amended Prisoner Complaint liberally because Mr. Sexton is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Sexton's claims in the amended Prisoner Complaint arise out of a number of incidents of domestic violence involving Mr. Sexton and his ex-girlfriend, Defendant Pamela Zubal.  Mr. Sexton alleges that he has been charged in at least two criminal cases with violating the terms of a protection order and that he has been incarcerated at the Denver County Jail since February 2013.  He further alleges that he has been convicted in at least one of the cases pursuant to a guilty plea.

With respect to his federal constitutional claims, Mr. Sexton specifically contends

in the amended Prisoner Complaint that his rights to due process and equal protection have been violated because Colorado state law and a Denver municipal ordinance provide for automatic issuance of protection orders in domestic violence cases.  He alleges in support of these claims that protection orders are issued in domestic violence cases based on hearsay and unproven evidence and without the consent of the alleged victim.  (ECF No. 10 at 26, 28.)  Mr. Sexton specifically contends that he has been denied due process because, "[b]y allowing these protection orders to be issued in the manner of which they are issued caused the Plaintiff to the loss of Liberty and subjected him to repeated manipulation, harassment and controlling ways of Pamela Zubal, his ex-girlfriend."  (*Id.* at 28.)  He explains his equal protection claim as follows:

> These protection orders give unlimited power to the alleged victim to manipulate and control the accused with no repercussions whatsoever to the alleged victim.  If a protection order is to be issued, the alleged victim needs to consent to such an order and the punishment needs to apply equally to the accused and the alleged victim for a violation of the protection order.  Without this equal protection, the alleged victim can use such an order as a weapon and not the shield it was designed for.

(ECF No. 10 at 26.)

Mr. Sexton also claims that his constitutional right to equal protection has been violated because the Denver Police Department allegedly has a policy of refusing to go to the Denver County Jail to receive police reports that jail inmates seek to file.  Mr. Sexton alleges in support of this claim that he has been unable to file a police report against Ms. Zubal regarding two incidents that occurred in December 2012.  He further alleges that he has been advised to file the reports at the police station when he is released.  He maintains that he did not report the incidents when they occurred because

"Plaintiff had a probation violation warrant for which he is now held on and also a protection order which refrains Plaintiff from having any contact with Pamela Zubal who is the suspect of the crimes committed against Mr. Sexton even though neither party wanted or followed such protection order."  (ECF No. 10 at 24.)

The Court finds that the constitutional claims in the amended Prisoner Complaint are legally frivolous and must be dismissed.  Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the order directing him to file an amended complaint, Magistrate Judge Boland advised Mr. Sexton that, to the extent he is asserting a violation of his constitutional right to due process, he failed to allege clearly and concisely what Defendants did that allegedly deprived him of a constitutionally protected interest in life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  Similarly, to the extent he is asserting a violation of his constitutional right to equal protection, he failed to allege what Defendants did to treat him differently than anyone who is similarly situated.  *See*

4

*Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).  Magistrate Judge Boland

further advised Mr. Sexton that, in order to state a cognizable claim, "he must identify,

clearly and concisely, the specific claims he is asserting, the specific facts that support

each asserted claim, against which Defendant or Defendants he is asserting each

claim, and what each Defendant did that allegedly violated his rights."  (ECF No. 7 at 3.)

Despite these instructions, Mr. Sexton fails to allege specific facts that

demonstrate the named Defendants have violated his constitutional rights.  With respect

to the asserted violations of his right to equal protection, Mr. Sexton makes no

allegation that he has been treated differently than any similarly situated individual.  *See*

*Penrod*, 94 F.3d at 1406.

With respect to his due process claim, Mr. Sexton fails to allege facts that

demonstrate any of the named Defendants deprived him of a constitutionally protected

liberty interest without adequate due process.  *See Templeman*, 16 F.3d at 369.  The

fact that a protection order was issued by a judicial officer in Mr. Sexton's criminal case

or cases does not demonstrate that any Defendant in this action violated his

constitutional right to due process.  In fact, as Mr. Sexton concedes, he was not

deprived of his liberty until he violated the protection order, which he admits he

knowingly did on a number of occasions.

For these reasons, Mr. Sexton's vague and conclusory constitutional due

process and equal protection claims in the amended Prisoner Complaint will be

dismissed as legally frivolous.  The Court declines to exercise supplemental jurisdiction

over Mr. Sexton's state law claims because the constitutional claims over which the

Court has original jurisdiction will be dismissed.  *See* 28 U.S.C. § 1367(c)(3).

5

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Plaintiff's constitutional claims are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over Plaintiff's state claims, which are dismissed without prejudice.  It is

FURTHER ORDERED that the Prisoner Complaint, the amended Prisoner Complaint, and the action are dismissed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  1st  day of   August  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

6